IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF TONY ROBINSON, JR., *ex rel.*
PERSONAL REPRESENTATIVE ANDREA IRWIN,

       Plaintiff,

 v.

THE CITY OF MADISON, WISCONSIN, and
MATTHEW KENNY,

       Defendants.

OPINION & ORDER

15-cv-502-jdp

---

Defendant Matthew Kenny seeks immediate review by the court of appeals of this court's denial of his motion for summary judgment on qualified immunity. Dkt. 258. Kenny is entitled to this immediate review unless the court certifies that his appeal is frivolous. Plaintiff has asked the court to do so, Dkt. 259, and the parties promptly briefed the matter, Dkt. 260 and Dkt. 271. The court concludes that Kenny's appeal is frivolous, because it relies on a fact—that Robinson attacked Kenny in the stairwell—that is genuinely disputed. The trial will proceed as scheduled on February 27, 2017, unless the Seventh Circuit Court of Appeals overrules this order.

ANALYSIS

An interlocutory appeal of a decision denying qualified immunity usually stays proceedings in the district court; the "appeal divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appear for trial." *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989). The principle underlying this rule is that an officer entitled to qualified immunity should be shielded not only from ultimate liability but from the hardships

of the litigation itself. But there is a risk of abuse: the rule could be used to delay and frustrate meritorious claims. So if the defendant's qualified immunity claim is without even arguable merit, or is otherwise an unwarranted manipulation of the process, the district court may certify the appeal as frivolous and proceed to trial. *Id.* at 1339.

Deeming the appeal to be frivolous is not a decision to be made lightly. The Seventh Circuit instructs district courts to exercise this particular power sparingly. *Id.* And the district courts in this circuit appear to have heeded that warning. *See Estate of Heenan ex rel. Heenan v. City of Madison*, No. 13-cv-606, 2015 WL 3539613, at *2 & n.2 (W.D. Wis. June 5, 2015) (collecting cases and noting that "the court found but a handful of examples of district courts certifying an interlocutory appeal from the denial of qualified immunity to the Seventh Circuit as frivolous or a sham").

The purpose of an interlocutory appeal of a decision denying qualified immunity is limited. Such an appeal may challenge only the district court's legal determinations pertaining to the immunity; it is not an opportunity to ask the appellate court to decide factual disputes or to apply the qualified immunity doctrine to disputed facts. "[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995). Kenny's appeal is meritorious only if he presents a *legal* issue for the Seventh Circuit's consideration. *See Weinmann v. McClone*, 787 F.3d 444, 447 (7th Cir. 2015).

Kenny contends that his appeal has arguable merit because he seeks "appellate review of the qualified immunity determination based on the fact-pattern outlined by this Court" in its summary judgment opinion. Dkt. 260, at 2. "Kenny has been and continues to be

2

prepared to have his claim for qualified immunity evaluated on the version of genuine and supportable facts that most favors the plaintiff's position." *Id*. at 8. In Kenny's view of the court's summary judgment opinion, the court determined that *it is undisputed that Robinson attacked Kenny*, and the only genuinely disputed facts concern Kenny's location when he fired the shots. And, Kenny contends, the disputes about how far Kenny was from Robinson when he fired are immaterial.

But Kenny misreads the court's opinion, which held that what happened in the stairwell between Kenny and Robinson is sharply and genuinely disputed. Dkt. 236, at 2. The genuinely disputed facts include whether Robinson attacked Kenny at all. The court's determination that a fact is genuinely disputed (or not) is itself a legal conclusion, which might properly be challenged on appeal. *Weinmann*, 787 F.3d at 447. But Kenny does not argue that any of the court's determinations regarding disputed and undisputed facts are incorrect: Kenny says that he accepts the version of the disputed facts most favorable to plaintiff, and he simply assumes that the fact that Robinson attacked him is undisputed. But plaintiff has not conceded that fact. *See* Dkt. 149, ¶¶ 113, 118 (plaintiff disputes the facts concerning the encounter between Kenny and Robinson).

Kenny is, of course, the only surviving eyewitness to the events in the stairwell. But that does not compel the conclusion that Kenny's version of those events is undisputed. Plaintiff has adduced ample evidence that undermines Kenny's version of events and calls his credibility into question. Kenny's story about what happened in the stairwell has changed: he recanted his "snapshot" statement made immediately after the incident. Dkt. 236, at 9. Kenny's memory of the events is impaired: he concedes that he does not remember how he got to the bottom of the stairs, *id.* at 7, and he has submitted expert evidence that trauma of

3

the type he experienced may impair memory, *id.* at 38. The gunshot evidence and the dash cam video undermine aspects of Kenny's story: the distance from which he fired undermines his claim that he was in close combat or imminent danger when he fired. *Id.* at 41.

"A motion for summary judgment cannot be defeated merely by an opposing party's incantation of lack of credibility over a movant's supporting affidavit." *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988). In other words, the non-moving party cannot stave off summary judgment merely by asserting that a witness might not stand up to cross-examination. But "specific attacks on an affiant's credibility with regard to central issues in a case can be sufficient to deny a motion for summary judgment." *Reich v. McManus*, 883 F. Supp. 1144, 1148 (N.D. Ill. 1995), *on reconsideration* (Apr. 26, 1995) (citing *In the Matter of Guglielmo*, 897 F.2d 58, 63 (2d Cir. 1990)); *see also Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 411 (7th Cir. 1997) (explaining that a non-moving party cannot withstand summary judgment "with an unadorned claim that a jury might not believe" certain testimony; the non-moving party must point to specific evidence that would undermine a witness's credibility). This is not a case where Kenny's testimony stands refuted only by a generic contention that a jury might not believe him. Plaintiff has adduced specific evidence that undermines Kenny's credibility about the central issues in the case. The record would easily allow a reasonable juror to disregard Kenny's testimony that Robinson punched him at the top of the stairs. Any argument to the contrary would be frivolous.

Kenny conceded that if Robinson did not attack him, then he is not entitled to summary judgment on the merits of the Fourth Amendment claim. "[I]f the Court believes that a reasonable jury could conclude that Officer Kenny simply walked into the stairwell, was never struck or punched by Mr. Robinson and simply opened fire at Mr. Robinson while

4

Case: 3:15-cv-00502-jdp Document #: 274 Filed: 02/16/17 Page 5 of 5

he was more than three or four feet away from him on the stairwell, summary judgment is not appropriate." Dkt. 150, at 10. And in response to plaintiff's motion to certify Kenny's interlocutory appeal as frivolous, Kenny offers no argument that he would be entitled to qualified immunity even if Robinson had not attacked him.

The court has considered plaintiff's motion with appropriate caution, recognizing that the question is not whether Kenny's appeal is meritorious, but whether it has at least arguable merit so that the court of appeals ought to consider it before trial. The court concludes that it does not have arguable merit, because Kenny's appeal depends precisely on a genuinely disputed fact. Accordingly, the court certifies that Kenny's interlocutory appeal is frivolous. The case will proceed to trial as scheduled, unless the court of appeals orders otherwise.

At the final pretrial conference, the court will ask the parties whether a one-week delay in the start of trial would accommodate plaintiff's interest in getting the case resolved and Kenny's interest in seeking relief from the court of appeals.

Entered February 16, 2017.

<div style="text-align: right;">
BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge
</div>